**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 10, 2022
Decided June 9, 2022

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-2488

| | |
|---|---|
| TERRY PADGETT,<br>    *Plaintiff-Appellant*,<br><br>*v.*<br><br>NORFOLK SOUTHERN<br>CORPORATION,<br>    *Defendant-Appellee*. | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division.<br><br>No. 20-cv-233<br><br>Holly A. Brady,<br>*Judge*. |

**O R D E R**

Terry Padgett appeals the district court's grant of summary judgment to Norfolk Southern Corporation ("NSC"). Because we determine that the summary judgment motion was improperly made by a nonparty, we vacate the district court's order and remand.

Padgett sued NSC in June 2020 alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111. Only a "covered entity"—most commonly

an employer—can be found liable for violating the ADA. *Id.* § 12112. This is important because a related entity, Norfolk Southern Railway Company ("NSRC"), informally entered the litigation at the outset and claimed that it was Padgett's true employer, not the named defendant, NSC. NSRC represents that it is the operating subsidiary of NSC, a publicly traded holding company.

The district court docket reveals that there is only one named defendant, NSC. Moreover, NSC is the only entity other than Padgett to make a formal appearance in this litigation, and all defense documents were filed under its name. Curiously, though, NSRC appears to have conducted the litigation, and all defensive filings include one or more disclaimers attempting to address this unique posture. One such disclaimer, taken from the answer, is included below:

> Norfolk Southern Corporation ("NSC") denies it is the properly named Defendant. Norfolk Southern Railway Company [("NSRC")] is the proper party in this action. [NSRC] is the operating subsidiary of NSC, and it is a separate legal entity which operates the rail line. Pursuant to Federal Rules of Civil Procedure 8 and 12, and by and through its attorneys, [NSRC] submits its Answer … .

Most documents also have signature blocks featuring what appear to be attorneys representing both NSC and NSRC, but following the NSRC attorneys' names is a statement that reads, "*Counsel for Defendant Norfolk Southern Railway Company, incorrectly identified as Norfolk Southern Corporation.*"

In the best light, these statements are a valiant attempt to straighten out the district court docket and move forward with the merits of the suit. But the truth of the matter is that they are confusing and reflect NSRC's chaotic choice to enter and control the litigation through only informal means.

To illustrate the strange nature of the filings in this case, let's take a closer look at the answer. The docket shows that the answer was submitted by NSC, but both sets of attorneys signed it. It begins with an assertion by NSC that it has been improperly named. Then it says that "[NSRC] submits its Answer." So whose answer is it? Or are different assertions attributable to different entities? And what effect does NSRC's admission that it was Padgett's employer have? This is just a sampling of the kinds of questions we are faced with when trying to parse the district court record.

This appeal is not about the answer, though; it is about summary judgment. We review summary judgment orders *de novo*. *James v. Hale*, 959 F.3d 307, 314 (7th Cir.

2020). Here, the district court granted summary judgment in favor of NSC solely on the basis that Padgett "failed to designate any evidence suggesting, much less proving, that he has sued his employer." But as with the answer, the motion for summary judgment and associated documents contain a bevy of bewildering statements:

- "Defendant [NSRC] … , which has been improperly identified … , respectfully moves for summary judgment … ."
- "[U]pon consideration of Defendant [NSRC]'s Motion for Summary Judgment …" (proposed summary judgment order).
- "[NSRC] is entitled to judgment as a matter of law."
- "[NSC] is an improper defendant in this action and is entitled to summary judgment on this basis alone."
- "For the foregoing reasons, [NSRC] respectfully requests that this Court grant its Motion for Summary Judgment and enter judgment in its favor on all of Plaintiff's claims."
- "*Counsel for Defendant [NSRC], incorrectly identified as [NSC]*" (beneath signature blocks of *both* sets of counsel, confusing to whom it applies).

From these statements, we are left with only one interpretation. NSRC, an entity that is not a party to this litigation, entered the docket under NSC's name and moved for summary judgment in its own favor on all claims. Then the district court granted the nonparty's motion, effectively ending litigation in the district court and handing NSC a victory that it did not ask for.

We find this to be improper. Rule 56 provides that a "*party* may move for summary judgment," and "[t]he court shall grant summary judgment if the *movant* shows that there is no genuine dispute as to any material fact and the *movant* is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added). Here, no party moved for summary judgment, let alone met its burden on such a motion, so it was improper for the district court to grant NSRC's motion for summary judgment.

It is true that a district court may, independent of a proper motion for summary judgment and "[a]fter giving notice and a reasonable time to respond, … consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f). But that is not what happened here. A nonparty moved for summary judgment and the district court granted that improper motion. For that reason, we are compelled to vacate the district court's decision and remand for further proceedings. Before the district court does anything else, we hope the parties will assist it in cleaning up the docket.

To be clear, the basis we find today for vacating the district court's decision is unrelated to what the parties briefed. We reach this conclusion as an unavoidable consequence of the morass that was created in the district court. There were many opportunities for the parties to proceed differently. NSRC could have remained on the sidelines until it was compelled to join the litigation. NSC could have moved for summary judgment on its own behalf. Padgett could have worked with NSRC to clean up the docket—something NSRC repeatedly invited him to do. And so on.

For the reasons stated above, we VACATE the district court's summary judgment order and REMAND with instructions to clean up the docket—or at the very least, ensure only the named parties litigate—before proceeding with the case.